IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS McMILLAN : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-7104 |
| WILKIE TRUCKING INC. ET AL. : | |

**SURRICK, J.**                                                                                          **FEBRUARY 21, 2014**

<u>**MEMORANDUM**</u>

  Presently before the Court is Plaintiff Thomas McMillan's Motion to Remand (ECF No. 3).  For the following reasons, Plaintiff's Motion will be granted.

**I. BACKGROUND**

  On September 24, 2013, Plaintiff Thomas McMillan filed a Complaint in the Court of Common Pleas of Philadelphia County against Defendant Wilkie Trucking Inc. and Defendant Randy Lovell alleging careless and negligent operation of Defendants' tractor trailer.  *McMillan v. Wilkie Trucking Inc.*, Civ. A. No. 002782 (Pa. Ct. Com. Pl., filed Sept. 24, 2013).  The case was removed to this Court on December 5, 2013.  (Notice of Removal, ECF No. 1.)  Plaintiff, a Pennsylvania resident, was riding his bicycle on Second Street in Philadelphia on May 16, 2013.  (Compl. ¶¶ 1, 5, Mot. to Remand Ex. A, ECF No. 3.)  Lovell, a New Jersey resident, was driving a tractor trailer owned and maintained by his employer, Wilkie Trucking, a business operating in New Jersey.  At the corner of Second and Callowhill Streets, Lovell made a right turn and ran over Plaintiff and Plaintiff's bicycle with the tractor trailer.  (*Id.* at ¶¶ 2-4, 6-7.)  Plaintiff alleges that he suffered catastrophic and life-altering permanent personal injuries as a result of the accident.  (*Id.* at ¶ 11.)  Plaintiff claims that Defendants were careless and negligent in the

happening of this accident.  (*Id.* at ¶ 10.)  Plaintiff brought this action to recover from Defendants "jointly and severally, separate sums in excess of $50,000 in damages."  (Compl.)[1]

On November 1, 2013, Defendants filed an Answer to Plaintiff's Complaint with New Matter in the Court of Common Pleas of Philadelphia County asserting that the recoverable damages in this case are less than $75,000.  (Mot. to Remand; Notice of Removal Ex. B.)  On November 26, 2013, Plaintiff filed a Response to Defendants' New Matter, in which Plaintiff denied that his recoverable and claimed damages were less than $75,000.  (Notice of Removal Ex. C.)  On December 5, 2013, Defendants filed a Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Notice of Removal.)

On December 6, 2013, Plaintiff filed the instant Motion to Remand.  (Pl.'s Mot., ECF No. 3.)  Defendants filed a response to the Motion on December 20, 2013.  (Defs.' Resp., ECF No. 4.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  To remove a lawsuit filed in a state court to a federal district court, a defendant must file a notice of removal within thirty days of the date a plaintiff serves the defendant with a copy of the original pleading or complaint that sets forth the claim

---

[1] Damages alleged in an amount in excess of $50,000 is required in Pennsylvania state court and under the Local Rules for Philadelphia County to avoid mandatory referral to arbitration.  *See* 42 Pa. Cons. Stat. § 7361(b)(2) (requiring arbitration referral unless the "amount in controversy, exclusive of interest and costs, exceeds $50,000"); PA Phila. Cnty. Local Rule 1301 (stating that "all cases having an amount in controversy, exclusive of interests and costs, of $50,000 or less, shall be assigned to the Compulsory Arbitration Program of the Court of Common Pleas of Philadelphia County").

for relief upon which the action is based. 28 U.S.C. § 1446(b)(1). However, where it is not apparent from the face of the initial pleading that a case is removable,

> a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The purpose of 28 U.S.C. § 1446(b)(3) is to start "the running of the thirty day period once the defendant receives actual notice that the case has become removable." *McGhee v. Allstate Ins. Co.*, No. 05-1813, 2005 U.S. Dist. LEXIS 17995, at *6 (E.D. Pa. Aug. 22, 2005).

A district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy does not need to be stated in the initial pleading to trigger the running of the 30-day period for removal under 18 U.S.C. § 1446(b). "Rather, the thirty-day period begins to run when a defendant can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Sims v. PerkinElmer Instruments, LLC*, No. 04-3773, 2005 U.S. Dist. LEXIS 5300, at *8 (E.D. Pa. Mar. 31, 2005) (quoting *Carroll v. United Airlines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998)); *see also Johnson v. Tesla Motors, Inc.*, No. 13-5106, 2013 U.S. Dist. LEXIS 155776, at *4 (E.D. Pa. Oct. 30, 2013). Thus, a "pleading does not have to allege a specific dollar amount to give notice to the defendant of the existence of Federal jurisdiction." *Sims*, 2005 U.S. Dist. LEXIS 5300, at *8 (quoting *Carroll*, 7 F. Supp. 2d at 521).

A case removed to federal court may be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The defendant as the removing party bears the burden of proving to a legal certainty

that federal subject matter jurisdiction exists.  *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Because the removal statutes are strictly construed against removal, *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), all doubts must be resolved in favor of remand.  *Samuel-Bassett*, 357 F.3d at 403.

### III.   DISCUSSION

Plaintiff argues that remand of this action is required because Defendants failed to file their Notice of Removal within thirty days of receiving a copy of the Complaint.  Plaintiff filed the Complaint on September 24, 2013.  Defendants filed their Notice of Removal on December 5, 2013, well beyond thirty days after the Complaint was filed.  Defendants respond that their Notice of Removal was timely because it was filed within thirty days of being first put on notice that the action was removable.  Specifically, Defendants argue that Plaintiff's Complaint only demands recoverable damages in excess of $50,000, and that it was not until Defendants were in receipt of Plaintiff's Answer to New Matter that Defendants became aware that the jurisdictional amount was greater than $75,000 and that federal court diversity jurisdiction existed.[2]  Defendants contend that because they were first put on notice that the action was removable upon the receipt of Plaintiff's Answer to New Matter, the Notice of Removal was timely under 28 U.S.C. § 1446.

Defendants frame the issue before us as whether or not Plaintiff's Answer to New Matter triggered the start of the thirty-day time period within which Defendants were required to file a notice of removal.  We agree with Defendants that Plaintiff's Answer to New Matter constitutes

---

[2] In their Answer to the Complaint with New Matter, Defendants stated that Plaintiff's recoverable damages are less than the jurisdictional threshold of $75,000.  Plaintiff filed an Answer to New Matter, wherein he denied the allegation that the recoverable damages were less than $75,000.  Defendants claim that they were not on notice that the jurisdictional amount was $75,000 or greater until they received this denial from Plaintiff.

an "other paper" for purposes of § 1446(b)(3). *See Bishop v. Sam's E., Inc.*, No. 08-4550, 2009 U.S. Dist. LEXIS 53082, at *12-13 (E.D. Pa. June 23, 2009) (finding that the plaintiff's reply to the defendant's new matter in which plaintiff denied that her damages were not in excess of $75,000 constituted an "other paper" as contemplated by § 1446(b)). However, § 1446(b)(3) only comes into play if the allegations in the complaint fail to make it evident that a case is removable. Therefore, we must determine whether Plaintiff's Complaint put Defendants on notice that the case was removable. If it is apparent from the face of the Complaint that federal jurisdiction existed, then the 30-day period to file a notice of removal commenced upon service of the Complaint, and Defendants' Notice was untimely.

Here, the Complaint does not seek a specific amount of damages. Instead, it requests damages from Defendants "jointly and severally, in sums in excess of $50,000." (Compl.) "Generally, whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint." *Sims*, 2005 U.S. Dist. LEXIS 5300, at *8 (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)). In cases such as this one, where the demand for damages is expressed in an indeterminate value, "'the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated.'" *Inaganti v. Columbia Props. Harrisburg LLC*, No. 10-1651, 2010 U.S. Dist. LEXIS 51983, at *8 (E.D. Pa. May 25, 2010) (quoting *Angus*, 989 F.2d at 146). The district court "must engage in an objective independent appraisal of the claim's value to determine whether the amount in controversy is satisfied." *Id*. at 8-9 (quoting *Angus*, 989 F.2d at 146). If a defendant "can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum," then the thirty-day period to file the

notice of removal begins to run. *Sims*, 2005 U.S. Dist. LEXIS 5300, at *7-8 (quoting *Carroll*, 7 F. Supp. 2d at 521).

The instant Complaint describes in great detail the "catastrophic, disabling, life-altering and permanent" injuries Plaintiff sustained. (Compl. ¶ 11.) As a result of this accident, Plaintiff underwent multiple major surgeries; spent over two weeks in the hospital, and two additional weeks at an in-patient rehab facility; sustained multiple injuries to his skin, bones, muscles, nerves, tissues, and ligaments; has required physical therapy, pain medication, and diagnostic testing; and has and continues to suffer from agonizing aches and pains. (*Id*.) Paragraph 11 of the Complaint sets forth Plaintiff's damages, and states specifically that

> [b]y reason of the carelessness and negligence of defendants, Wilkie Trucking Inc. and Randy Lovell, plaintiff, Thomas McMillan, was caused to sustain catastrophic, disabling, life-altering and permanent personal injuries: he sustained serious injuries and pain through his body for which he was required to remain in in-patient care at Hahnemann Hospital from May 16, 2013 through May 31, 2013; he was required to remain in in-patient care at Powerback Rehabilitation from May 31, 2013 through June 13, 2013; he sustained an open bilateral ischial superior and inferior public rami fracture for which he was required to undergo major surgeries in the form of a placement of an external fixator on May 16, 2013 at Hahnemann University Hospital, an interventional radiology procedure to embolize pudendal vessels that were bleeding on May 16, 2013 at Hahnemann University Hospital, and removal of an external fixator and open reduction and internal fixation of the pelvis on May 23, 2013 at Hahnemann University Hospital; he sustained a sacral fracture; he sustained a left sacroiliac joint diastasis; he sustained a pubic symphysis avulsion; he has suffered from severe bilateral hip pain; he sustained a scrotal laceration for which he was required to undergo major surgery in the form of a repair of testicular injury on May 16, 2013 at Hahnemann University Hospital; he has suffered from severe scrotal pain; he sustained right common femoral artery dissections; he has suffered from severe pain and injury to his right leg; he sustained left common femoral artery acute flow-limiting thrombosis; he has suffered from severe pain and injury to his left leg; he sustained severe wounding to his right knee; he suffered from painful abrasions throughout his body; he has been required to undergo extensive physical therapy; he has had difficulty walking; he has been required to take potent pain medication; he has suffered from extreme weakness throughout his body; he has sustained permanent scarring; he has sustained further injuries to the bones, muscles, nerves, tissues and ligaments of his body, the full extent of which is yet to be determined; he sustained other injuries to his nerves and nervous

> system; he sustained other orthopedic, neurologic and psychological injuries, the full extent of which is yet to be determined; he has in the past been required and may in the future continue to be required to submit to x-rays, MRIs and other diagnostic studies; he has in the past suffered and may in the future continue to suffer agonizing aches, pains, and mental anguish; he has in the past and may in the future continue to endure pain and suffering; he has in the past and may in the future continue to be disabled from performing his usual duties, occupations, avocations, all to his great detriment and loss.

(Compl. ¶ 11.)

Defendants should have reasonably and intelligently concluded from a fair reading of the damages alleged in the Complaint, particularly in consideration of the extent of the injuries, the multiple surgeries Plaintiff underwent, the time he spent in the hospital and in rehab, the injuries not yet determined, and the loss of earnings, that the damages sought would well exceed the $75,000 jurisdictional amount. Plaintiff's Complaint is not one that sets damages equivocally. *See, e.g.*, *McLain v. Wal-Mart Store #5495*, No. 13-979, 2013 U.S. Dist. LEXIS 50572, at *4-5 (E.D. Pa. Apr. 8, 2013) (finding that jurisdictional amount was not clear from the face of the complaint where amount stated was "in excess of $50,000" but that plaintiff alleged that he had "suffered injuries which are *or may be* serious or permanent") (alteration in original). Nor does the Complaint merely contain boilerplate language to describe Plaintiff's injuries. *See, e.g.*, *Bishop*, 2009 U.S. Dist. LEXIS 53082, at *10 (finding that the complaint did not trigger the 30-day period for filing a notice of removal where it contained general boilerplate allegations of injury such as, plaintiff suffers from "ills and injuries").

Plaintiff's injuries were described unequivocally. The damages sought were specifically alleged with significant details regarding the dates of surgeries and diagnoses and treatments that Plaintiff received. A fair reading of the Complaint should have put Defendants on notice that the damages sought certainly exceeded the jurisdictional amount. *See Johnson*, 2013 U.S. Dist. LEXIS 155776, at *13-14 ("Aggregating the expense of surgery, the pain and suffering related to

the surgery and to the initial accident, the loss of income, medical treatment of other injuries sustained, and the viable claim for punitive damages . . . this Court is convinced that the total value amount of her damages reasonably surpasses the $75,000 federal jurisdictional threshold."); *Sims*, 2005 U.S. Dist. LEXIS 5300, at *10-11 (concluding that the defendants could "reasonably and intelligently conclude from the pleadings that the amount in controversy exceed[ed] the jurisdictional minimum" where the plaintiff alleged that she suffered "severe and disabling injuries to the bones, muscles, blood vessels, tissues, nerves and tendons of her right lower leg," incurred medical expenses, and suffered pain, suffering and disfigurement); *Peters v. Stop & Shop*, No. 13-6085, 2013 U.S. Dist. LEXIS 153823, at *10 (D.N.J. Oct. 26, 2013) (allegations that plaintiff suffered severe, permanent, and disabling injuries and will be forced to undergo extensive medical treatment was found sufficient to put the defendant on notice that the damages sought were over $75,000); *cf McCall v. New Prime, Inc.*, No. 12-02442, 2012 U.S. Dist. LEXIS 124473, *2-3 (D.N.J. Aug. 31, 2012) (finding that allegations of severe and permanent injury, including future medical expenses and loss of earnings, is sufficient to meet the jurisdictional threshold).[3]  Accordingly, Defendants' Notice of Removal was not timely filed.

---

[3] Although the Complaint does not specifically request punitive damages, as was the case in *Johnson*, we nonetheless find that the description of the injuries and medical costs incurred and to be incurred sufficiently put Defendants on notice that the damages sought would reasonably exceed $75,000.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand will be granted, and the case will be remanded back to the Court of Common Pleas for the County of Philadelphia.

An appropriate Order will follow.

                                                               **BY THE COURT:**


                                                               */s/R. Barclay Surrick*
                                                               **U.S. District Judge**